[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPTDATED AUGUST 23, 1994 AND DEFENDANT'S MOTIONTO REOPEN AND MODIFY DATED JULY 8, 1994
The court heard testimony on these motions on two separate days, one in September and one in November of 1994 and final argument on November 17, 1994.
Based on the testimony of both parties the court makes the following findings of fact:
The judgment in this matter was entered on August 21, 1992. At that time defendant's affidavit reflects that his net weekly income was $1,018.71. He derived that income not only from Maple Opticians, but also an amount of $25,792, or $492 per week, as an independent contractor for Cabot Safey Corporation. That relationship was terminated by Cabot on July 1, 1994 because of some internal reorganization. This resulted in a substantial loss of income to the defendant. Defendant further testified that he had omitted certain rental income from his current financial affidavit which he derived from property located at 320 Brown Street, Hartford, where his business, Maple Opticians, is located. Maple Opticians pays $800 per month CT Page 11590 rent on that property for which the mortgage and interest is $789 per month. Therefore, defendant stated that he derives approximately $11 per month as income from that property. The court will then find that defendant's current net weekly income based on his testimony and his financial affidavit is $730. As a result of defendant's substantial loss of income since the date of the Judgment, there has been a substantial change in defendant's circumstances. Defendant's current support order of $450 per week deviates from the Child Support Guidelines by more than 15 per cent. The court further finds based on the testimony of defendant and the return of service in the court file that defendant's motion for modification was served on the Plaintiff on August 29, 1994. However, this matter was not heard until September 27, 1994, because of delays on the part of the defendant. The court, therefore, finds that the appropriate effective date of any modification of child support is September 27, 1994. On November 10, 1994 the party stipulated that the arrearage was in the amount of $1,862. Defendant will receive a credit of $216 per week for a period of six weeks, reflecting the period between the two aforementioned dates. That amount is $1,296, resulting in an arrearage of $566.
By the fall of 1993 defendant was already in arrears on his support payments and had not complied with paragraph 24 of the Judgment involving plumbing repairs nor paragraph 29 involving the payment of the Visa bill. Further defendant testified that in November of 1993 he received a $14,000 inheritance. Defendant further admitted that he had received a $6,000 federal income tax refund in May of 1994 which sum he elected to use to prepay future taxes, knowing he had an arrearage of child support and alimony at that time. The court will further find that the defendant, by his own admission, cancelled his life insurance and disability insurance which he is required to maintain by paragraphs 18 and 19 of the Judgment. He did, however, provide testimony that he has put new insurance policies into effect as of November 10, 1994, but at a reduced level regarding the disability insurance. The new disability policy provides benefits in the amount of $1,600 per month.
The court will make a finding of contempt in that it will find that, at the very least, defendant had the ability to comply with paragraphs 24 and 29 of the Judgment CT Page 11591 and wilfully chose not to do so.
The court makes the following orders:
(1) The Motion to Modify is granted based on a substantial change in circumstances and deviation of more than 15 percent. After review of the parties respective incomes and application of the Child Support Guidelines the court finds the defendant's obligation to be $234 per week. The order is effective as of September 27, 1994.
(2) The court makes a finding of contempt in that the defendant had the ability to comply and that his noncompliance was willful with respect to paragraphs 24, 25 and 29 of the Judgment. Although Plaintiff is now in compliance with paragraph 24, he did not comply until November of 1994 approximately two years from the date he was ordered to do so. Therefore, the defendant is committed to the custody of the Commissioner of Corrections until he complies with the following orders. Said sentence is suspended until January 3, 1995 for compliance.
 a. Defendant shall pay the Household Credit Services VISA bill in full in accordance with paragraph 29 of the Judgment.
 b. Defendant shall pay the full arrearage of $578.
 c. Defendant shall produce evidence of disability insurance in the amount of $2500 per month which reflects an amount less than prescribed by paragraph 19 of the Judgment and is reflective of a reduction in his child support obligation. It is, however, further reflective of the obligations of alimony, insurance and college education costs of the children as stated in paragraph 19.
 d. Defendant is to produce evidence of life insurance at an amount required by paragraph 18 of the Judgment.
 e. Defendant is to pay $3000 in attorneys fees, $1000 of which will be due on the date of CT Page 11592 compliance as indicated above. The remaining $2000 will be due within 60 days of the compliance date.
(3) The defendant shall continue to be entitled to claim exemptions for both children on his federal and state income tax returns.
(4) For six months from the date of this order all payments of child support and alimony shall be made by certified check, one month in advance. At the end of that period payment shall revert to the procedure specified in paragraph 36 of the Judgment.
Santos, J.